UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

JEREMY BELL                                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:18CV-P16-GNS

CITY OF JAMESTOWN                                                              DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Jeremy Bell's *pro se*

complaint pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, the Court will dismiss the

claims against the City of Jamestown and provide Plaintiff an opportunity to file an amended

complaint.

I.  SUMMARY OF CLAIMS

Plaintiff is a convicted inmate currently incarcerated in Northpoint Training Center.  He

brings suit pursuant to 42 U.S.C. § 1983 against the City of Jamestown, Kentucky.

Plaintiff claims that he was at work "in the City of Jamestown when the Jamestown

Police came to his work place and told the plaintiff that he had to come with them" and that

"[t]he officer had placed the plaintiff in the police car and took him to the police station for

interrogation."  Plaintiff further claims that the "Jamestown Police had no arrest warrant for the

plaintiff to have him placed in the police car let alon[e] they [had] no probable cause to arrest the

plaintiff."

Additionally, Plaintiff claims that "the Jamestown Police and other police officers had

obtained a search warrant ten (10) days after the plaintiff was lodged in the [Russell County]

detention center.  The officer's had taken several of the plaintiff's belongings as well as other

various items." He claims that the "search warrant and affidavit of search warrant was never filed within the court. Thus making the search warrant illegal."

In a subpoena form attached to Plaintiff's complaint, he references Russell Circuit Court Case No. 11-CR-0095.

Plaintiff alleges violations of the Fourth Amendment to the U.S. Constitution and of Section Ten of the Kentucky Constitution. As relief, Plaintiff seeks monetary and punitive damages.

## II. STANDARD OF REVIEW

When a prisoner seeks relief against governmental entities, officers, and/or employees, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A]

district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take

all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d

478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of

the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 555, 557).

### III. ANALYSIS

When a § 1983 claim is made against a municipality, such as the City of Jamestown, this

Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a

constitutional violation; and (2) if so, whether the municipality is responsible for that violation.

*Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the

issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in

other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

*Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v.

City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is

designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and

thereby make clear that municipal liability is limited to action for which the municipality is

actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting

*Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a

plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff does not allege that his harm was caused by a policy or custom of the City of Jamestown. Nothing in the complaint demonstrates that the action or inaction of any personnel occurred as a result of a city policy or custom. The complaint, therefore, fails to establish a basis of liability against the city and fails to state a cognizable § 1983 claim against it. Accordingly, the claims against the sole Defendant, the City of Jamestown, will be dismissed.

However, "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Plaintiff claims that "Jamestown Police Officers and other police officers" violated his Fourth Amendment rights. The Court will provide Plaintiff an opportunity to amend his complaint (1) to name as Defendants in their individual capacity the person or persons he claims engaged in the alleged wrongdoing and to describe the facts, including dates, surrounding how each Defendant allegedly violated his rights and (2) to provide additional information concerning the state charges brought against him.

## IV.  ORDER

For the foregoing reasons,

**IT IS ORDERED** that the claims against Defendant City of Jamestown are

**DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief

may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this

Memorandum Opinion and Order, **Plaintiff may file an amended complaint** (1) naming as

Defendants in their individual capacity the person or persons he claims engaged in the alleged

wrongdoing and providing the facts, including dates, surrounding how each Defendant allegedly

violated his rights; and (2) providing the following information concerning the state charges

brought against him:

(a)  state all charges filed against him arising out of the incident that is the subject of this

lawsuit;

(b)  provide the Court with the criminal action number(s) for those charges;

(c)  for all charges, state whether the charges have been dismissed, are still pending, or

whether he has been convicted;

(d)  if he has been convicted, state whether a direct appeal or state collateral proceeding is

pending;

(e)  if he has been convicted, state specifically on what charges he was convicted and

provide a copy of the order or judgment of conviction entered in state court; and

(f)  if any charges have been dismissed, state specifically what charges have been

dismissed and provide a copy of the order or judgment entered in state court.

**The Clerk of Court is DIRECTED** to send Plaintiff a *Pro Se* Prisoner Handbook and to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint.

The Court will conduct an initial review on the amended complaint pursuant to 28 U.S.C. § 1915A.  **Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing the entire action for the reasons stated herein**.

Date:   June 27, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
          Counsel of record
4416.005