# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**JEREMY BELL**  PLAINTIFF

v.  CIVIL ACTION NO. 1:18CV-P16-GNS

**CITY OF JAMESTOWN** *et al.*  DEFENDANT

## MEMORANDUM OPINION

Plaintiff Jeremy Bell, a convicted prisoner incarcerated in Northpoint Training Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the City of Jamestown, Kentucky (DN 1). On initial review of the complaint pursuant to 28 U.S.C. § 1915A (DN 11), the Court dismissed the claims against the City of Jamestown but provided Plaintiff with an opportunity to file an amended complaint. Plaintiff filed an amended complaint (DN 13), which is currently before the Court on initial review pursuant to § 1915A. For the reasons that follow, the instant action will be dismissed.

## I.

In the amended complaint, Plaintiff names as Defendants the Jamestown Police Department, Jamestown Police Officer Tracy Irvin in her individual capacity, and Russell Springs Police Officer Nathan Bradshaw in his individual capacity. Plaintiff alleges that Defendants Irvin and Bradshaw went to his place of work "and told me that I needed to come with them. They placed me in the back of the police car and took me to the Jamestown Police Department for interrogation. This incident had occured on or about August 20, 2011." He claims, "[w]hen [Defendants] had interrogated me, the[y] placed me in the Russell County Detention Center." He further claims that on or about August 30, 2011, Defendants "seized my

cell phone and various other items without filing a search warrant and an affidavit of search warrant with the Russell Circuit Court."

According to Plaintiff, after the "illegal seizure," he was charged with "sodomy 2nd Degree" in Criminal Action No. 11-CR-00095, and "coerced into signing a plea agreement." He reports that he filed motions with the Russell Circuit Court claiming illegal arrest, search, and seizure but that the motions were denied. He also reports filing a motion to alter and/or amend final judgment and RCr 11.42 and CR 60.02 motions, all of which were denied as well. He states that one count of sodomy had been dismissed but does not indicate when.

As relief, Plaintiff seeks monetary and punitive damages and an injunction "barr[ing] the officers from official capacity."

## II.

When a prisoner seeks relief against governmental entities, officers, and/or employees, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. *Jamestown Police Department*

Defendant Jamestown Police Department is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not suable under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). Plaintiff, therefore, fails to state a claim against the Jamestown Police Department, and the claims against that Defendant will be dismissed.

### B. *Officers Irvin and Bradshaw*

Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one

(1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)).

"[A] claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d at 233; *Wallace v. Kato*, 549 U.S. at 389 (finding a false imprisonment claim accrues "once the victim becomes held *pursuant to [legal] process*—when, for example, he is bound over by a magistrate or arraigned on charges"). Additionally, a claim of unlawful search and seizure accrues at the time of the alleged search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) ("Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure."); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) ("[T]he statute of limitations on Michel's Fourth Amendment claims began to run from the search on November 23, 2004."). When the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

In this case, Plaintiff alleges that Defendants Irvin and Bradshaw transported him to the police department, interrogated him, and then placed him in the Russell County Detention Center

4

on or around August 20, 2011; that those two Defendants seized his cell phone and other items on or around August 30, 2011; and that criminal charges were then brought against him. While he does not expressly indicate when he was arraigned, it necessarily occurred close in time to the date he was arrested/detained.[1] *See, e.g.*, Ky. R. Crim. P. 8.01 ("Within a reasonable time after service of the warrant or summons on the indictment or information, the judge shall proceed as provided in Rule 3.05 and shall also proceed with or set a time for arraignment.").

Because Plaintiff did not file the complaint until January 16, 2018,[2] well over five years after the expiration of the limitations period around the end of 2012, the instant action is time-barred and will be dismissed, by separate Order, as frivolous. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Date: December 6, 2018

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Counsel of record
4416.005

---

[1] In Plaintiff's Russell Circuit Court case, No. 11-CR-00095, the docket sheet shows that he was indicted on September 13, 2011, and that the order of arraignment was entered on October 11, 2011. *See* Kentucky Court of Justice CourtNet 2.0 (electronic docket).

[2] Under the prison mailbox rule, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff certifies that the complaint was mailed on January 16, 2018.